**Dated: June 24, 2019**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CLINTON DEWAR BEEBY and BRANDI NICOLE BEEBY, | ) | Case No. 18-12280-SAH Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| SNB BANK, NATIONAL ASSOCIATION, a national banking association, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 18-01074-SAH |
| | ) | |
| CLINTON DEWAR BEEBY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO DISMISS ADVERSARY PROCEEDING, BRIEF IN SUPPORT, AND NOTICE OF OPPORTUNITY FOR HEARING [DOC. 10]**

Before the Court is the Motion to Dismiss Adversary Proceeding, Brief in Support, and Notice of Opportunity for Hearing [Doc. 10] (the "Motion") filed by defendant Clinton Dewar Beeby ("Defendant") on June 3, 2019, and the Objection to Motion to Dismiss [Doc. 11] (the

"Objection") filed by plaintiff SNB Bank, N.A. ("Plaintiff") on June 17, 2019. Defendant's Motion seeks to dismiss the adversary proceeding filed by Plaintiff for failure to timely serve the complaint and summons, and Plaintiff's Objection argues that such failure was beyond its control.

Plaintiff[1] filed its complaint on September 7, 2018. The summons was issued on September 7, 2018, but was not served on Defendant until September 23, 2018. See Doc. 3. Defendant did not file any answer or response to the complaint. On January 7, 2019, Plaintiff filed its Application for Entry of Default [Doc. 4] (the "Application"). The Court entered its Order Denying Application for Entry of Default [Doc. 5] (the "Order") on January 28, 2019, because, pursuant to Federal Rule of Bankruptcy Procedure 7004(e), service was not timely made within seven days after the summons was issued. Moreover, the Court's Order pointed out that Federal Rule of Civil Procedure 4(m) (applicable pursuant to Federal Rule of Bankruptcy Procedure 7004(a)(1)) ("Rule 4(m)")[2] requires a defendant to be served within 90 days after the complaint was filed, and that such time limitation had passed on December 6, 2018, without

---

[1]Plaintiff is acting through counsel Brendon S. Atkinson. Thus, although the Court uses the term Plaintiff, the actions taken of those of its counsel.

[2]Rule 4(m) provides:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Defendant having been properly served with the complaint. The unambiguous language in the Order ***clearly advised Plaintiff*** of the impact of expiration of the Rule 4(m) time limitation on this proceeding, specifically:

> Such time limitation passed on December 6, 2018, without Defendant having been properly served. Plaintiff may file a motion requesting an extension of the time to obtain service on Defendant, stating good cause for its failure to timely serve Defendant. If such a motion is granted, Plaintiff then can obtain the issuance of an alias summons to effect timely service on Defendant.

Order [Doc. 5], p. 2. Notwithstanding the Order and applicable law, Plaintiff elected to not obtain an extension of time to serve Defendant, and instead utterly ignored the Court's instructions by having an out of time alias summons issued and served on Defendant ***four months later***. This Court is shocked by the Plaintiff's blatant disregard of the Order and law. The question is whether such conduct merits dismissal of this adversary proceeding.

Under Rule 4(m), Plaintiff's failure to complete proper service on Defendant within the 90 day time limitation (which expired on December 6, 2018) is grounds for dismissal of this adversary proceeding absent sufficient "good cause" or justification for such failure. Barnard v. Turnkey Health Inc., 2018 WL 6274007, *1 (W.D. Okla. 2018) (citing Rule 4(m)). Courts in the Tenth Circuit use a two step analysis when considering dismissal under Rule 4(m):

1. If the plaintiff shows good cause for failure to properly serve the defendant, then the court must extend the deadline; and

2. Even if the plaintiff fails to show good cause, the court must still consider whether a permissive extension of time is warranted.

Barnard, 2018 WL 6274007, *2 (citing Womble v. Salt Lake City Corp., 84 F. App'x 18, 20 (10th Cir. 2003); Espinosa v. United States, 52 F.3d 838, 841 (10th Cir. 1995)).

As to the first step, i.e., whether Plaintiff has shown good cause for failing to properly serve Defendant, the Court finds the Objection to be woefully lacking in good cause. To suggest that the rural location of Defendant's residence is a basis for not timely completing service is almost laughable. Federal Rule of Bankruptcy Procedure Rule 7004(b)(1) provides that service on an individual may be made within the United States by first class mail, postage prepaid. While Plaintiff said its process server had difficulty serving Defendant in this case (and others) due to his rural residence and unavailability, the Objection is silent as to Plaintiff's failure to use United States first class mail to obtain service on Defendant.[3] For the small cost of postage, Plaintiff could have served Defendant by first class mail, postage prepaid, and such service would have been complete upon mailing. Saffa v. Wallace (In re Wallace), 316 B.R. 743, 747 (10th Cir. BAP 2004). This failure, combined with Plaintiff's refusal to comply with Rule 4(m) and the Order which directed Plaintiff to seek an extension of time to obtain service on Defendant before once again attempting service, evidences that Plaintiff has not shown good cause for its failure to timely and properly serve Defendant. See, e.g., Davis v. GEO Group Corrections, Inc., 2019 WL 2018479 (W.D. Okla. 2019). Accordingly, Plaintiff is not entitled to a mandatory extension of time.

This Court is then required to consider whether a permissive extension of time is warranted. Davis, 2019 WL 2018479, *2 (citing Espinoza, 52 F.3d at 841). Courts generally consider "whether 'the applicable statute of limitations would bar the refiled action'; whether the

---

[3]Debtor's address is 10317 S. 150th St., Douglas, Oklahoma as set forth in the Voluntary Petition filed on May 31, 2018. [Bk Doc. 1] The original improperly served summons was served on Defendant at 10317 S. 150th St., Douglas, Oklahoma. [Doc. 3] The untimely alias summons was also served on Defendant at 10317 S. 150th St., Douglas, Oklahoma. [Doc. 8]

plaintiff tried to follow 'the complex requirements of multiple service' when serving the United States, its agencies, or employees; and whether there is reason to protect a pro se plaintiff 'from consequences of confusion or delay attending the resolution of an in forma pauperis petition.'" Barnard, 2018 WL 6274007, *2 (citing Espinoza, 52 F.3d at 842 & n. 8). Here, only the first factor comes into play and favors an extension of time as the deadline to file complaints to except debts from discharge under Section 523(a)(6) expired on September 10, 2018. Plaintiff would undoubtedly be prejudiced by a dismissal of this adversary proceeding since it would be effectively barred from further pursuit of the Section 523(a)(6) claim. $r^2$ advisors, llc v. Suncor Energy (U.S.A.), Inc. (In re Red Eagle Oil Inc.), 2014 WL 1330571 (Bankr. D. Wyo. 2014).

> Where, as here, dismissal without prejudice is equivalent to dismissal with prejudice due to the statute of limitations, federal courts consider whether dismissal "would satisfy the interest of justice" by evaluating:
>
> > (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance of that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Wagoner v. Towne, 2019 WL 1283487, *2 (W.D. Okla. 2019) (citing Davis v. Miller, 571 F.3d 1058, 1060-64 & n. 2 (10th Cir. 2009)).

With respect to the first factor, as Defendant has not been served, no progress has been made in this case in the almost 8 months that it has pended, and Defendant would not be prejudiced by continuation other than loss of time. The first factor weighs in favor of an extension.

As to the second factor, interference with the judicial process, this Court was previously required to educate Plaintiff as to the requirements of Rule 4 and the proper procedure to follow. See Order. Plaintiff, however, chose to ignore the Court's direction and take an improper path which again requires the Court's intervention and correction. Moreover, at this point, Plaintiff has done nothing to establish personal jurisdiction over Defendant in this Court. Plaintiff's actions, therefore, have caused interference with the judicial process.

The third factor is easily satisfied given Plaintiff's conduct. While Plaintiff seeks to shift the culpability for the service problems to Defendant given his rural residence, Plaintiff never took advantage of the easiest method of serving Defendant, United States first class mail. Moreover, Plaintiff ignored the Court's directions regarding the need to obtain an extension of time to serve Defendant and had an alias summons issued and served improperly, and then only months after the Order was entered. The delay in, and impropriety of, service rests entirely with Plaintiff and its counsel.

As to the fourth factor, this Court's Order did not warn Plaintiff that failure to comply with the procedure outlined in the Order and Rule 4 would result in dismissal.[4]

Finally, the fifth factor, the effectiveness of a lesser sanction than dismissal is something of an unknown, given that Plaintiff elected to ignore the Court's prior Order and its directions. However,

> the insufficiency of service is technical, since [Defendant's] attorney obviously had notice of the filing of the adversary case. . . . [Defendant] can point to no harm resulting from the

[4]However, the Court adamantly believes it should not be necessary to threaten a litigant or its counsel with dismissal in order to secure compliance with its Order, especially as procedures and time frames set forth in the Federal Rules of Bankruptcy Procedure are mandatory.

> failure. . . . If the Court were to deny the Motion . . . [Defendant] would receive the "gift" of avoiding litigation of an [exception to] discharge solely because of an error of Plaintiff's counsel. It is the Court's preference that cases be decided on the merits when possible.

Clune Co. LC v. Johnson (In re Johnson), 2011 WL 482837, *3 (Bankr. D. Kan. 2011).[5]

Given the prejudice that Plaintiff will suffer and the failure of the Order to "threaten" dismissal if proper service was not subsequently obtained, this Court reluctantly finds that a permissive extension of the time for Plaintiff to serve Defendant is warranted should Plaintiff properly request it.[6] Accordingly, the Motion is DENIED. ***Plaintiff has 7 calendar days from entry of this order to file a motion requesting an extension of time to serve Defendant. Failure to timely file such motion will result in dismissal of this adversary proceeding with prejudice without further notice or hearing.***

IT IS SO ORDERED.

# # #

---

[5]While the insufficiency of service may be technical, and Defendant is aware of the adversary proceeding, such knowledge is not a substitute for proper service. Miller v. Stone (In re Waterford Funding, LLC), 2016 WL 3648533, *3 (Bankr. D. Utah 2016).

[6]In its Objection, Plaintiff stated "good cause exists for the extension to effect service, as is being requested by separate motion." Objection, p. 3, ¶ 10. As of today, and perhaps not unsurprisingly given its dilatory behavior, Plaintiff has not filed such motion.